IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KBZ COMMUNICATIONS, INC.      :      CIVIL ACTION
                              :
          v.                  :
                              :
CBE TECHNOLOGIES, LLC, et al. :      NO. 13-2011


MEMORANDUM

McLaughlin, J.                        January 31, 2014


        This is, at its core, an action for breach of

contract.  The plaintiff, KBZ Communications, Inc. ("KBZ"), is

in the business of selling video conference equipment and

related services.  The moving defendant, CBE Technologies, LLC

("CBE"),[1] purchased products and services from KBZ for use in its

business pursuant to a "Dealer Agreement" between the parties,

which was entered into on April 22, 2008.  Compl. ¶ 13 & Ex. A.

        KBZ claims that CBE currently owes KBZ $996,103.67,

plus interest, on unpaid invoices dated from September 6, 2012,

through February 14, 2013.  Compl. ¶ 15 & Ex. B.  KBZ alleges

that, despite CBE's repeated failure to pay any invoices during

that five-month period, KBZ "continued to sell products and

---

[1]  KBZ brings claims against CBE and against named
individual officers, managers, or owners of CBE.  This
memorandum addresses only the motion to dismiss Counts III and
VI filed by CBE (Doc. No. 18).  The motions to dismiss filed by
the individual defendants remain pending.

services to CBE during this time period based on CBE's promises to pay and the representations, statements and assurances of the Individual Defendant[s] that [KBZ] would be paid for what it supplied to CBE."  Compl. ¶ 17.

KBZ alleges that "at least as early as December 2012 . . . CBE's ownership [had] decided to 'move the company in a different direction'" and "'wind down' its operations."  Compl. ¶ 18.  KBZ also alleges that although CBE was "not financially sound," CBE "continued to order products from [KBZ] . . . without ever disclosing that the company lacked the financial wherewithal" to pay for the KBZ products that it had already received and continued to order through February 2013.  Compl. ¶ 19-20.

KBZ brings the following contract and tort claims against CBE and the individual defendants, under Pennsylvania law:[2] against CBE alone, claims for breach of contract (Count I) and unjust enrichment (Count II); against CBE and the individual defendants, claims for fraud (Count III) and negligent misrepresentation (Count V); and against the individual

---

[2]   On January 31, 2013, KBZ filed a state court action in the Court of Common Pleas of Bucks County, Pennsylvania (Case No. 2013-00765).  This action is against CBE only, and alleges breach of contract and unjust enrichment.  On April 16, 2013, while the state court action was still pending, KBZ filed this federal action.  The complaint in the state court action was withdrawn on June 5, 2013.

defendants, but not CBE, a claim for civil conspiracy (Count IV).

CBE has moved to dismiss the claims for fraud and negligent misrepresentation on the grounds that (1) KBZ has failed to plead fraud with the specificity required by Federal Rule of Civil Procedure 9(b); (2) KBZ has failed to state a claim for negligent misrepresentation; and (3) both causes of action, which sound in tort, are barred by the gist of the action doctrine.[3]  The Court will address the last of these arguments first.

The gravamen of KBZ's tort claims for fraud, negligent misrepresentation, and civil conspiracy is the following allegation:

> CBE's and the Individual Defendant[s'] statements and conduct in ordering products and services from [KBZ] were intentional misrepresentations made to fraudulently induce [KBZ] to continue selling and deliver[ing] products and services.  In other words, they intentionally lied to [KBZ] during the relevant time period for the purpose of inducing [KBZ] to continue selling and delivering products knowing that (i) CBE's financial condition was not sound; and (ii) CBE could not pay for all of the products and services ordered . . . .

Compl. ¶ 21; see also Compl. ¶¶ 37, 46.  KBZ claims that it relied upon the alleged "representations," to its financial

---

[3]   CBE has not moved to dismiss the remaining claims against it, for breach of contract and unjust enrichment.

detriment, in selling and delivering goods and services to CBE, and that "each time the Individual Defendants made the representations described above," the defendants knew or should have known that the representations were false.  Compl. ¶¶ 38-39, 47-48.

KBZ does not identify with any further specificity the substance of these "statements and conduct."  KBZ also fails to identify which of the individual defendants made any statements.  KBZ alleges only that all the defendants "intentionally lied" to KBZ, and that "[i]n reliance on CBE's promises to pay, both through itself and through its agents," KBZ sold and delivered goods and services to CBE during the relevant time period.  Compl. ¶¶ 14, 21, 37, 46.

The gist of the action doctrine "is designed to maintain the conceptual distinction between breach of contract claims and tort claims."  eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002) (citing Bash v. Bell Tel. Co., 601 A.2d 825, 829 (Pa. Super. Ct. 1992)).  "As a practical matter, the doctrine precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims."  Id.[4]

---

[4]  Although the Pennsylvania Supreme Court has not expressly adopted the gist of the action doctrine, the Pennsylvania Superior Court and the federal courts in the Third Circuit have operated under the assumption that the doctrine is viable in

In this case, the 2008 Dealer Agreement, which was in effect throughout the relevant time period, sets out the requirements and the process by which the parties would order goods and services, submit invoices, and get paid in the future.[5] KBZ does not allege any action or statement on the part of CBE or the individual defendants that could be considered a tort independent of CBE's breach of the Dealer Agreement, or to which the Agreement is merely "collateral."  See Pediatrix, 602 F.3d at 548 ("In some circumstances, 'it is possible that a breach of contract also gives rise to an actionable tort[.]  To be construed as in tort, however, the wrong ascribed to defendant must be the gist of the action, the contract being collateral.'" (quoting eToll, 811 A.2d at 14) (alterations in original)).

First, KBZ attempts to characterize the defendants' alleged statements or omissions with regard to the purchases

---

Pennsylvania.  See Pediatrix Screening, Inc. v. Telechem Int'l, Inc., 602 F.3d 541, 548 (3d Cir. 2010) (citing Reardon v. Allegheny Coll., 926 A.2d 477, 486 (Pa. Super. Ct. 2007)).

[5]  For example, the Dealer Agreement provides:  "The Products will be sold to [CBE] by KBZ in accordance with orders placed by [CBE] and accepted by KBZ pursuant to this agreement."; "Each order shall specify quantity, delivery schedule, destination (ship to), bill to, price and special requirements required to adequately describe the transaction."; "Invoices are due and payable within thirty (30) days from date of issue provided that Products or services have been delivered. Late charges are assessed at the rate of one and half percent [] per month . . . ."; and "Upon termination of this Agreement all amounts payable [CBE] to KBZ shall become immediately due and payable without notice or demand."  Compl. Ex. A.

transacted during the relevant time period as actions unrelated to CBE's performance under the 2008 Dealer Agreement.  But any purchases transacted (ordered, delivered, invoiced, or paid) pursuant to the Dealer Agreement are contemplated and governed by that contract, and the conduct associated with those transactions is part and parcel of the parties' duties or performance under the Agreement.

Fraud connected with performance under a contract is barred by the doctrine.  "That the misconduct was fraudulent does not bar application of the gist of the action principle." Pediatrix, 602 F.3d at 548 (citing Werwinski v. Ford Motor Co., 286 F.3d 661, 681 (3d Cir. 2002)).  Where the fraud claims are "inextricably intertwined" with the contract claims, as they are here, the fraud claims should be dismissed.  See eToll, 811 A.2d at 21.  "The [Pennsylvania] Superior Court has held that fraud claims should be barred where they arose during the course of the parties' contractual relationship; where the allegedly fraudulent acts also were breaches of duties 'created and grounded in the ... contract[;]' and where the damages 'would be compensable in an ordinary contract action [and] thus, the claim would essentially duplicate a breach of contract action.'" Pediatrix, 602 F.3d at 548 (quoting eToll, 811 A.2d at 20–21) (alterations in original).

Here, KBZ's claims for fraud and misrepresentation are "wholly dependent" on CBE's eventual failure to pay KBZ, in breach of CBE's contractual duties under the Dealer Agreement. See J.J. DeLuca Co. v. Toll Naval Assocs., 56 A.3d 402, 413 (Pa. Super. Ct. 2012) (quoting Reed v. Dupuis, 920 A.2d 861, 864 (Pa. Super. Ct. 2007)). KBZ alleges no injury apart from the financial losses caused by that breach, which would be fully compensable in an ordinary contract action.

KBZ argues that its tort claims should survive because "CBE's misrepresentations . . . induced KBZ to enter into agreements to continue to provide products and services," Pl.'s Opp'n at 12, and the gist of the action doctrine does not bar claims for "fraud in the inducement." See, e.g., Mizrio v. Joseph, 4 A.3d 1073, 1085 (Pa. Super. Ct. 2010). But again, the purchases transacted during the relevant time period are not separate "agreements" or contracts; they are simply transactions governed by the 2008 Dealer Agreement. KBZ also cannot claim that it was fraudulently induced to enter into the 2008 Dealer Agreement, because the relevant time period for the alleged fraud, as defined by KBZ, does not begin until September 2012. The "gist" of KBZ's action therefore sounds in contract, not tort, and is barred by the doctrine.

KBZ's broad allegations that CBE "lied" about, "misrepresented," or failed to disclose its ability or intention

to pay KBZ are also insufficiently specific to plead fraud under Rule 9(b), or to state a claim for negligent misrepresentation.

For the foregoing reasons, the Court grants CBE's motion to dismiss Counts III and IV, and dismisses KBZ's claims for fraud and negligent misrepresentation with prejudice.

An appropriate Order shall issue.